## VEAZIE'S *case.*

An indictment for forgery with intent to defraud *A* is supported by proof of intent to defraud *A* and *B*.

THE prisoner in this case was indicted for uttering a forged promissory note, purporting to be made by the house of *Jefferds & Smith*, and passing the same to *Jefferds* in payment, with intent him the said *Jefferds* to defraud, &c. And the fact was fully proved; and that *Smith* was absent from the State.

The counsel for the prisoner contended at the trial, that if the jury believed that the intent was to defraud *Jefferds* and *Smith*, they ought to acquit him of this indictment.

But *Parris J.* who sat in the trial, ruled otherwise; and the prisoner, being convicted, moved for a new trial for this cause.

*P. Chandler*, in support of the motion, cited 2 *East's P. C.* 988, 990.

*The Attorney General*, for the State.

MELLEN C. J. delivered the opinion of the Court.

The indictment charges the commission of the offence with intent to defraud *Jefferds*, one of the firm of *Jefferds & Smith*; and the judge presiding at the trial, overruling the objection of the defendant's counsel, instructed the jury that they might find the defendant guilty, though they should be satisfied that the intent was to defraud *Smith* as well as *Jefferds*. We are all of opinion that this instruction was correct. The proof was merely redundant. On principle, the objection seems to be totally destitute of merits; and we apprehend that on authority it is equally so. If *A* be indicted as accessory to *B* and *C*, he may be convicted on proof of being accessory to a felony committed by *B* alone, or by *B*, *C* and *D*. So an allegation in an indictment for perjury, that the oath was taken before *E. W.* one of the justices of assize, is proved by evidence that it was taken before *E. W.* and another justice of assize. So an allegation in such an

Means *v.* Blakesburg.

indictment, that *A* filed his bill in chancery against *B* and another, is satisfied by proof of a bill filed against *B*, *C* and *D*. See 3 *Star-kie's Ev.* 1585, and cases there cited. So an allegation that a bill of exchange was drawn upon, and accepted by *A*, *B* and *C*, is proved by evidence of a bill drawn on and accepted by *A*, *B* and *C* jointly with a fourth. *Ib.* 1559, 1560. *Starkie,* in the above place, lays down the rule in these words : " Whenever that which is proved, in addition to that which is alleged, is descriptive of it and affects its identity, the variance is fatal ; for that which is essential to a correct description has been omitted." Thus, when one is indicted for stealing the goods of *A*, proof that they were the goods of *A* and *B*, will not support the indictment ; but variance between the allegation and the proof as to the time of commission, is not material, as the averment is no part of the description of the offence. Nor do we perceive any weight in the objection that the verdict in this case could not be pleaded in bar to another indictment for the same offence, charged as committed with intent to defraud *Jefferds* and *Smith.* Proper averments in a plea in bar could as well be made as to identity in such case, as in those before cited. The motion for a new trial is overruled.